USDC FLSD 245B (Rev 3/01) - Judgment in a Criminal Case

# United States District Court

## Southern District of Florida

### FT. LAUDERDALE DIVISION

**UNITED STATES OF AMERICA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

v.

Case Number: 01-6205-CR-FERGUSON

**GREGORY REVSON**

Counsel For Defendant: Michael Mirer, Esq.,
Counsel For The United States: Robin Rosenbaum
Court Reporter: Carleen Horenkamp

---

The defendant pleaded guilty to **Count(s) ELEVEN AND FORT-ONE** of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 287 | FALSE CLAIMS | January 18, 2000 | 11 |
| 18 U.S.C. § 1028(a)(7) | IDENTITY THEFT | November 13, 1999 | 41 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.  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
Defendant's Date of Birth: 12/4/1959
Deft's U.S. Marshal No.:  05582-424

Defendant's Mailing Address:
F.D.C. Miami, 33 NE 4th Street
Miami, FL 33132

Defendant's Residence Address:
F.D.C. Miami, 33 NE 4th Street
Miami, FL 33132

Date of Imposition of Sentence:
October 25, 2002

WILKIE D. FERGUSON, JR.
United States District Judge

October _____ ,2002

DEFENDANT: GREGORY REVSON
CASE NUMBER: 01-6205-CR-FERGUSON

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS in counts eleven and forty-one of the forty-three count indictment to run concurrent with SIXTY (60) MONTHS in counts one and two of the two-count information in case no. 02-60135-CR-FERGUSON.**

The Court recommends to the Bureau of Prisons:

- That the defendant be incarcerated in a facility in Wisconsin.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: GREGORY REVSON
CASE NUMBER: 01-6205-CR-FERGUSON

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Two (2) years as to counts eleven and forty-one in the forty-three count indictment to run concurrent with Two years in counts one and two, in case no. 02-60135-CR-FERGUSON.**
      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

      **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

      The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

      **The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

- The defendant shall not leave the judicial district without the permission of the court or probation officer;
- The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
- The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
- The defendant shall support his or her dependents and meet other family responsibilities;
- The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
- The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
- The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
- The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
- The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
- The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
- The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
- The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
- As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GREGORY REVSON
CASE NUMBER: 01-6205-CR-FERGUSON

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

(A)  The defendant shall participate in an approved treatment program for drug and/or alcohol abuse **upon evaluation and determination that treatment is needed**, as directed by the U.S. Probation Office, and abide by all supplemental conditions of treatment.  Participation may include inpatient/outpatient treatment, if deemed necessary.  The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

(B)  The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer.  Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

(C)  The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public.  The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the permission of the U.S. Probation Officer.

(D)  The defendant shall obtain prior approval from the U.S. Probation Officer before entering into any self-employment.

(E)  The defendant shall not possess or use a computer with access to any on-line computer service at any location (including employment), without the prior approval of the U.S. Probation Officer.  This includes any Internet service provider, bulletin board system, or any other public or private computer network.

(F)  The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: GREGORY REVSON
CASE NUMBER: 01-6205-CR-FERGUSON

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $400.00 | $ | $97,915.91 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

During the period of incarceration payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50 percent of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) If the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed by this order. These payments do not preclude the government from using other assets to satisfy restitution obligations.

Upon release from incarceration, the defendant shall pay restitution at the rate of 10 percent of monthly gross earnings, until such time s the court may alter that payment schedule in the interests justice.  The U.S. Bureau of Prisons, U.S. Prbation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay.

DEFENDANT: GREGORY REVSON
CASE NUMBER: 01-6205-CR-FERGUSON

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

      A.  Lump sum payment of **$98,315.91** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

      **U.S. CLERK'S OFFICE**
      **ATTN: FINANCIAL SECTION**
      **301 N. MIAMI AVENUE, ROOM 150**
      **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

      Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.